

NUMBER 13-08-00006-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

HECTOR MORALES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the 28th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Hector Morales, entered an open plea of guilty to three counts of aggravated sexual assault of a child and three counts of indecency with a child.[1] For the three counts of aggravated assault, the trial court sentenced Morales to three life sentences to run concurrently, and for each of the three counts of indecency with a child,

---

[1] *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 2003), § 22.011 (Vernon Supp. 2008).

the trial court sentenced Morales to a term of twenty years' confinement, each of which would run consecutively to the life sentences. By three issues, Morales contends that the trial court erred in denying his motion for new trial and that his plea was involuntary because trial counsel rendered ineffective assistance. We affirm.

## I. BACKGROUND

On October 11, 2007, after Morales entered his guilty plea, the trial court imposed sentence. On October 29, 2007, Morales filed a timely motion for new trial alleging: (1) "The verdict in this cause is contrary to the law and the evidence."; and (2) "The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized." Morales did not attach any supporting affidavits to his motion. On December 10, 2007, Morales filed an affidavit from his trial counsel stating:

> I was trial counsel for [Morales]. I believed he was competent to stand trial and that he understood the nature of the proceedings when he entered his plea of "Guilty" to the Court. However, now I'm not sure he did. I base this on his reaction to the Court's pronouncement of sentence in Court. He turned to me after the Court's decision and said, "What does that mean?" He really didn't understand what had just happened. He didn't comprehend the sentence of "Life with 20 years stacked." I tried to explain it to him right after the sentencing, but he seemed to still not comprehend the situation. If he didn't understand the sentence after the ruling, I fear he did not understand the range of punishment prior to entering his plea.

On December 14, 2007, the trial court held a hearing on Morales's motion for new trial. The State objected on the basis that Morales did not raise ineffective assistance of counsel in his original motion for new trial, and that trial counsel's affidavit was not filed within the thirty-day period. The trial court overruled the State's objection, and the trial court granted the State's running objection to the testimony.[2]

---

[2] Morales and his trial counsel testified at the motion for new trial hearing.

At the hearing, Morales argued that trial counsel rendered ineffective assistance because in his affidavit, trial counsel stated that Morales "may not have understood what he was getting himself into at the time of the plea and it just ties with the lawyer pursuing the plea and going forward, maybe knowing that his client didn't fully understand everything." Trial counsel testified that he was afraid that Morales did not fully understand the "complete range of punishment" based on Morales's "response" *after* the trial court imposed its sentence. According to trial counsel, when he tried to explain the sentence to Morales after the trial court imposed its sentence, he observed that Morales did not appear to understand. However, trial counsel also testified that before Morales entered his plea, trial counsel "went over the range of punishment and [Morales] appeared, his responses were appropriate to what we were talking about." On cross-examination, trial counsel stated that he believed Morales understood the full range of punishment before he entered his plea. Trial counsel also conceded that Morales's response to the sentence may have been caused by "shock." On redirect examination, trial counsel stated that he explained to Morales the full range of punishment and that he could get the maximum sentence.

The trial court denied Morales's motion for new trial. This appeal ensued.[3]

### III. MOTION FOR NEW TRIAL

By his first issue, Morales contends that the trial court erred in denying his motion for new trial on the basis that trial counsel rendered ineffective assistance. Specifically, Morales argues his plea was involuntary because he did not understand the consequences

---

[3] When an appellant enters an open plea of guilty, he waives the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error. *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); *Lewis v. State*, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).

3

of his plea due to trial counsel's ineffective assistance.

In his motion for new trial, Morales did not allege that trial counsel was ineffective, and Morales did not attach any supporting affidavits to the motion. Over the State's objection, the trial court allowed Morales to argue at the new trial hearing that trial counsel rendered ineffective assistance.

In *Trout v. State*,[4] the defendant filed a timely motion for new trial alleging two acts of jury misconduct supported by two affidavits attached to the motion.[5] The trial court conducted a hearing on the motion and, over the State's objection, allowed the defendant to raise a third act of jury misconduct that had not been raised in the defendant's motion for new trial.[6] The trial court denied the defendant's motion for new trial.[7] The court of appeals concluded that the trial court should have granted the defendant's motion for new trial on the basis of the third act of alleged jury misconduct, which was not included in the motion.[8] The court of criminal appeals reversed, stating:

> Because the proper function of the affidavits is to support the motion for new trial, we hold that the alleged jury misconduct concerning the [third act] was not properly presented by the motion for new trial, should not have been entertained by the trial court at the hearing on the motion for new trial and was not properly preserved for appeal.[9]

Here, Morales filed a timely motion for new trial; however, the motion did not raise

---

[4] *Trout v. State*, 702 S.W.2d 618, 619 (Tex. Crim. App. 1985) (en banc) (op. on rehearing).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 620.

the issue of ineffective assistance of counsel. Therefore, we must conclude, under the reasoning in *Trout*, that the trial court should not have entertained the issue of ineffective assistance of counsel at the motion for new trial hearing because it was not presented in the timely motion for new trial.[10]

Nonetheless, a trial court only abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling.[11] When an appellant challenges the voluntariness of his plea on the basis of ineffective assistance of counsel, we review "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[12] There is a prima facie showing that a guilty plea was entered knowingly and voluntarily if the record establishes that the trial court properly admonished the defendant about the consequences of his plea.[13] Once an accused attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove that his plea was involuntary.[14]

---

[10] *See id.*; *see also State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007) (concluding that "[s]hould the trial court refuse to limit its ruling to the original motion [for new trial] and grant relief on the basis of the amendment over the State's objection, the appellate court should consider only the validity of the original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based upon matters raised for the first time in an untimely amendment").

[11] *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

[12] *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (en banc).

[13] *Pena v. State*, 132 S.W.3d 663, 666 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim App. 1998); *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985) (per curiam); *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.–Corpus Christi 2001, no pet.)).

[14] *Id.*

Here the record supports the trial court's finding that Morales's plea was voluntary and that trial counsel did not render ineffective assistance of counsel. On redirect examination, trial counsel stated, "I did explain to him the full range of punishment and that he could be facing the maximum in our plea. Whether or not he understood that, I felt like he did prior to the hearing." Trial counsel consistently maintained that he believed that Morales understood the range of punishment before he pleaded guilty, but only became concerned after he observed Morales's reaction to the trial court's sentence. The record shows that trial counsel informed Morales of all of his options, Morales chose to plead guilty in an attempt to receive deferred adjudication, trial counsel explained the full range of punishment, and the trial court admonished Morales before he entered his plea. Furthermore, on direct examination, when asked, "Did [trial counsel] explain to you the range of punishment?" Morales replied, "Yes."

In this case, the record establishes that the trial court properly admonished the defendant about the consequences of his plea.[15] Therefore, there is a prima facie showing that Morales's guilty plea was entered knowingly and voluntarily.[16] Moreover, there is

---

[15] In its written admonishments on range of punishment, the trial court informed Morales that he was charged with offenses that were first and second degree felonies. Two sections were marked with an "x." The first section stated: (1) "First Degree Felony, § 12.32: One guilty of a FIRST degree felony shall be punished by imprisonment for Life or for any term of not more than 99 years or less than 5 years, and in addition to imprisonment, by a fine not to exceed $10,000."; and (2) "Second Degree Felony Punishment, § 12.33: One guilty of a SECOND degree felony shall be punished by imprisonment for any term of not more than 20 years or less than 2 years, and in addition to imprisonment, by a fine not to exceed $10,000." Finally, in a document entitled, "Defendant's Statement Understanding Admonishments," signed by Morales, he initialed a paragraph stating, "I understand the admonishments given to me in writing by the Court, I know the range of punishment applicable in this cause, and I am aware of the consequences of my entering a plea of guilty or /nolo contendere." Finally, in the "Counsel's Certificate of Consultation and Consent to Waiver," trial counsel certified that he "read and explained all of the Court's written admonishments to the Defendant and the applicable range of punishment and the waiver of rights. . . . The Defendant is fully aware of the consequences of [his] plea, knows the range of punishment, and understands all of the admonishments."

[16] *See Pena*, 132 S.W.3d at 666.

6

nothing in the record supporting a finding that counsel's advice was not within the range of competence demanded of attorneys in criminal cases.[17] Based on our review of the record, we conclude that Morales did not overcome the strong presumption that his trial counsel provided adequate assistance and that his plea was voluntarily entered. Thus, the trial court did not abuse its discretion in denying Morales's motion for new trial. We overrule Morales's first issue.

## IV. INVOLUNTARY PLEA

By his second and third issues, Morales contends that his plea was involuntary because trial counsel was ineffective.[18] "Ineffective assistance of counsel claims are not built on retrospective speculation; they must 'be firmly founded in the record.' That record must itself affirmatively demonstrate the alleged ineffectiveness."[19] Here, there is nothing in the record supporting Morales's contentions that trial counsel rendered ineffective assistance. First, Morales asserts that trial counsel "admitted in his affidavit . . . that he inadequately advised the defendant before the plea." We conclude this assertion is without merit. Nowhere in the record does trial counsel admit that he "inadequately

---

[17] *See Ex parte Morrow*, 952 S.W.2d at 536.

[18] We note that "[a] judgment of guilt is not rendered independent of, and is not supported by, a claim of ineffective assistance when there is no evidence that the defendant would have pleaded not guilty had it not been for his counsel's alleged ineffectiveness." *See Cardena v. State*, No. 13-06-293-CR, 2007 Tex. App. LEXIS 5650, at *5 (Tex. App.–Corpus Christi July 19, 2007, pet. ref'd (memo op., not designated for publication) (citing *Martinez v. State*, 109 S.W.3d 800, 803 (Tex. App.–Corpus Christi 2003, pet. ref'd)). On appeal, Morales does not argue that he would have pleaded not guilty, had it not been for trial counsel's alleged ineffectiveness. *See Cardena*, 2007 Tex. App. LEXIS 5650, at *5 (deciding, "out of an abundance of caution," to review the appellant's claim of ineffective assistance of counsel because the claim was "arguably related to appellant's voluntariness claim," even though the appellant did not claim that but for his counsel's alleged ineffectiveness, he would not have pleaded guilty and would have gone to trial). Similarly, here, because Morales's claim of ineffective assistance is arguably related to his voluntariness claim, we have reviewed his claim out of an abundance of caution.

[19] *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

7

advised" Morales. Next, Morales argues that trial counsel did not inform him that he was only entitled to deferred adjudication community supervision if the trial court made "a finding in open court that placing the defendant on community supervision [was] in the best interest of the victim." There is nothing in the record supporting a conclusion that trial counsel provided misinformation to Morales regarding deferred adjudication. Accordingly, we overrule Morales's second and third issues.

## V. CONCLUSION

We affirm.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 31st day of August, 2009.